MONT CENIS APARTMENTS, INC., Petitioner, Appellant, *v.* BERTHA ALEXANDER, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed April, 1923.

Landlord and tenant — summary proceedings — statutes — claim that property is owned on co-operative basis — stock not held in proportion to rooms occupied — good faith of landlord — when final order in favor of tenants will be affirmed.

Where the language of a statute is fairly open to two different constructions the courts should prefer that construction which in their opinion gives the more reasonable and sounder economical result.

The intention of the legislature being embodied in the *words* of a statute, the courts will neither hold that something different was intended nor give effect to their own views in disregard of the statute.

In summary proceedings against all the tenants of an apartment house in the city of New York instituted by the landlord, a corporation formed under a co-operative ownership plan, the petitions following the language of the statute (Civ. Prac. Act, § 1410) alleged that the entire capital stock of the petitioner was held by the stockholders " in proportion to the number of rooms occupied or to be occupied by them " in the building and that " all apartments therein had been leased to stockholders of such corporation for their own personal, exclusive and permanent occupancy, to begin immediately upon the termination of any tenancy of the apartments leased by them." It appeared that the landlord assuming to combine the rooms into apartments containing varying numbers of rooms sold the stock to lessees of such apartments in amounts fixed for each set of apartments classified according to the number of rooms contained therein.  *Held*, that as it was clear that the proportion of shares held by each stockholder was not the same proportion as the number of rooms occupied by him, the landlord corporation did not come within the statute, and regardless of the economic soundness of its plan of co-operative ownership it was not entitled to bring the present proceedings.

Questions concerning the good faith of the landlord and of some of the individual stockholders in the making of leases of apartments for the " personal, exclusive and permanent occupation " of the lessees, were resolved by the jury in favor of the present tenants.  *Held*, that a final order entered in accordance with the verdict will be affirmed.

Even though it should be hereafter judicially determined that a corporation may itself apply reasonable standards as to what it shall consider a " room " to be accepted as a numerical unit, yet the ratio of the holding of stock in the corporation must still be determined by the number of such units occupied or to be occupied by the stockholders in accordance with the statute.

APPEAL by petitioner herein from a final order of the Municipal Court of the city of New York, borough of Manhattan, seventh district, entered in favor of the tenant and against the landlord in a summary proceeding and from an order denying petitioner's motion to set aside the verdict of the jury.

*Davies, Auerbach & Cornell (Charles H. Tuttle, Alexander J. Feild* and *Joseph Force Crater,* of counsel),* for appellant.

*Delafield, Thorne & Burleigh (George H. Porter* and *Arthur A. Alexander,* of counsel), for respondent.

Lehman, J.   The landlord has brought summary proceedings against all the tenants of an apartment house.   The petitions allege that the premises constitute " a part of the building and land which has been in good faith sold to a corporation formed under a co-operative ownership plan whereof the entire capital stock is held by the stockholders in proportion to the number of rooms occupied or to be occupied by them in said building, and all apartments therein have been leased to stockholders of such corporation for their own personal exclusive and permanent occupancy, to begin immediately upon the termination of any tenancy of the apartments leased by them   *   *   *.''   At the close of the trial the learned trial justice submitted to the jury certain questions concerning the good faith of the landlord and some of the individual stockholders in the making of leases of apartments for the " personal, exclusive and permanent occupation '' of the lessees.   The jury found on these questions in favor of the present tenants and final orders were thereupon entered in their favor.

The landlord on this appeal from one of the final orders so entered has pointed out and argued a number of interesting questions concerning the proper construction of the statute on various points which might affect the correctness of the verdict of the jury, but we have no right to consider these questions until we have first determined that this landlord could under any circumstances maintain these proceedings.   Under the statute such proceedings may be maintained where the building and land have been in good faith sold to " a corporation formed under a co-operative ownership plan whereof the entire capital stock is held by the stockholders in proportion to the number of rooms occupied or to be occupied by them in said building,'' but if the landlord herein is not such a corporation then even f the verdict of the jury were entirely wrong both on the facts and the law, we should be obliged to affirm the final order in favor of the tenant.

I shall assume for the present upon this appeal that the landlord is a " corporation formed under a co-operative ownership plan '' and its entire capital stock is held by its stockholders, but the ratio of the number of shares of stock held by the individual stockholders is concededly not exactly equal to the ratio of the number of rooms occupied or to be occupied under lease by the same stockholders respectively.   Each lessee or tenant owner of a three-room apart-

ment holds nineteen shares or six and one-third shares per room; each lessee or tenant owner of a five-room apartment holds twenty-four shares, or four and four-fifths shares per room, and tenant owners of six, seven and eight-room apartments hold respectively four and one-third, four and three-sevenths, and four and one-half shares per room; in other words, the tenant owners of apartments containing the same number of rooms also hold the same number of shares of stock, but as between tenant owners of a three-room apartment as a class and tenant owners of larger apartments as a class, the stock is held in somewhat different proportion from that in which the rooms of the building are to be occupied by the stockholders.

It is urged by the landlord that the court must take judicial notice that the rooms in an apartment house vary in size, location and value, and that a form of co-operative ownership which requires the sale of apartments regardless of their worth would be impracticable and the statute must be given an interpretation which would make the plan of co-operative ownership required by the legislature reasonable and in accordance with sound public policy and not one which is arbitrary, unjust and unworkable. Undoubtedly, where the language of a statute is fairly open to two different constructions, the courts should prefer that construction which in their opinion gives the more reasonable and sounder economic result, for the intention of the legislature was to make a law which is just and economically sound and presumably what seems reasonable and economically sound to the judge would equally seem just and economically sound to the legislator. Such a construction merely places upon the language of the statute the meaning which the court must assume the legislature intended; but the intention of the legislature is embodied in the *words* of the statute, and the courts cannot hold that the legislature must have intended something different from what it has said, and they cannot give effect to their own views of what is just and sound or to any presumed intention of the legislature in accordance with those views in disregard of the language of the statute. The statute (Civ. Prac. Act, § 1410, subd. 1-a) requires that the " entire stock shall be held by the stockholders in proportion to the number of rooms occupied or to be occupied by them in such building," and our function is simply to apply these words. We cannot add to them anything which is not reasonably implied, and we cannot cut out any words contained therein or deprive them of their well-recognized meaning.

The legislature has provided that the stock of the corporation shall be held by the stockholders in proportion to the number of rooms occupied or to be occupied by them. The norm for the

apportionment of stock is the number of rooms; and the shares of stock held by each of the individual stockholders must be in the same ratio as the number of rooms occupied by them respectively. We must test the proportion in which the stock is held by the individual stockholders by the numerical norm established by the legislature, and cannot establish any other norm, economic or otherwise, of our own. In applying that test, questions may in some cases arise as to whether bathrooms or alcoves or other recesses are to be regarded as rooms, fractions of rooms, or totally disregarded; or whether a corporation may not classify a given space, though inclosed by four walls, if unusually small, as a fraction of a room, or if unusually large, as more than one room. These are questions which concern the meaning of the word " rooms " and in applying the test the courts will undoubtedly give that word a reasonable construction, but even though the courts should hereafter determine that a corporation may itself apply reasonable standards as to what it shall consider a " room " to be accepted as a numerical unit, yet the ratio of the holding of stock in the corporation must still be determined by the number of such units occupied or to be occupied by the stockholders, for the legislature has unequivocally and unambiguously prescribed that proportion and no other.

In the present case it seems clear to me that the landlord has not shown that its stockholders hold its stock in that proportion but the corporation has merely assumed to combine the rooms into apartments containing varying numbers of rooms, and then to sell the stock to lessees of such apartments in amounts fixed for each set of apartments classified according to the number of rooms contained therein. The number of rooms in each set of apartments probably to some extent determined the number of shares to be sold to each lessee, yet since the lessee of a three-room apartment holds six and one-third shares per room, the lessee of a five-room apartment holds four and four-fifths shares per room; the lessee of a six-room apartment holds four and one-third shares, and the owner of an eight-room apartment four and one-half shares per room, it is clear that the proportion of shares held by each stockholder is not the same proportion as the number of rooms occupied by him, and the landlord corporation does not come within the language of the statute, and regardless of the justice or economic soundness of petitioner's plan of co-operative ownership, it cannot maintain these proceedings unless we disregard that language.

In reaching this conclusion it must not be assumed that we

35

Appellate Term, First Department, April, 1923.    [Vol. 120

are attempting to decide even in our minds that the legislative plan is impracticable and unsound. If the legislature had passed a statute intended to encourage lessees of apartments to form corporations under a plan of co-operative ownership and had provided that each lessee must pay for his apartment in proportion to the number of rooms leased and occupied by him regardless of other considerations which might enter into the value of the apartments in the building, the argument that such plan was impracticable would be very cogent, but that is not what the legislature has provided. Under the plan embodied in the statute the apartments may be leased only to stockholders for their permanent occupancy, but the stockholders do not purchase them by buying stock in the corporation. If the rooms in one apartment have any economic advantage over the rooms in another apartment, this advantage may be equalized by difference in rental or other payment required as consideration for the making of the lease. The stock represents in effect merely a share in the reversion after the lease expires, and in any profit the corporation may make and is subject to diminution in value by loss in operation or other contingencies. In view of such contingencies it would seem a question open to argument whether the plan of co-operative ownership with a division of stock in proportion to number of rooms occupied and inequalities in the value of apartments equalized by provisions in the separate leases for the payment of sums based on relevant economic considerations is not quite as sound as the plan of ownership of the landlord corporation in which the ownership of the building is divided upon a basis in which other economic considerations and the element of supply and demand enter, and the apartments are leased at a fixed sum per room in disregard of these other considerations.

Final order and order affirmed, with twenty-five dollars costs.

LYDON and BURR, JJ., concur.

Order affirmed.